THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* EMMA FISHBOUGH, APPELLANT.

*Game law — chap. 534 of 1879, chap. 584 of 1880 — forbids the sale of live as well as of dead birds.*

Under section 12 of chapter 534 of the Laws of 1879, as amended by chapter 584 of the Laws of 1880, providing that " no person shall at any time, in this State, kill or expose for sale, or have in possession after the same is killed, any eagle, wood-pecker, night-hawk, yellow bird, wren, martin, oriole or any song bird, under a penalty of five dollars for each bird so killed, exposed for sale or had in pos-session," a person who exposes for sale any of the birds mentioned in said act is liable to the penalty imposed thereby.

The act is to receive the same construction as if it had read: " No person shall expose for sale any eagle," etc.

The said statute was not repealed by section 1 of chapter 427 of the Laws of 1886.

Repeals of statute by implication are not favored in law, and the earlier statute will remain undisturbed unless the language of the latter act indicates an inten-tion to abrogate the former, or to prescribe the only rule which shall govern the case for which provision is made, or unless the two statutes are incompatible or repugnant.

APPEAL by the defendant Emma Fishbough from an order of the Supreme Court, entered in the office of the clerk of the county of Richmond on the 28th day of May, 1890, in favor of the plaintiff, after a trial at the Richmond Circuit, at which the court found, upon an agreed statement of facts, that the plaintiff was entitled to judgment for the sum of eighty-five dollars, besides costs.

*Josiah T. Marean*, for the appellant.

*Thomas W. Fitzgerald*, for the respondent.

DYKMAN, J.:

This was an action for the recovery of a penalty under the following statute : " No person shall at any time, in this State, kill or expose for sale, or have in possession after the same is killed, any eagle, woodpecker, night-hawk, yellow bird, wren, martin, oriole or any song bird under a penalty of five dollars for each bird so killed, exposed for sale or had in possession." (Laws of 1879, chap. 534, § 12, as amended by chap. 584, Laws of 1880.)

The action was tried before a judge without a jury, and he found, upon facts made and stipulated by the parties, that the defendant had in her possession for sale seventeen live yellow birds on the 18th day of May, 1889, at the city of Brooklyn, and thereupon decided that the plaintiff was entitled to judgment against the defendant for eighty-five dollars, besides the costs of the action.

The defendant has appealed from the judgment entered upon such decision, and her contention is that the statute received an improper construction and application at the circuit, her insistence being that the words " expose for sale," as well as the words " have in possession," are qualified and limited by the words " after the same is killed."

The statute, like many others, is obscure, and its intent is uncertain. Whether the exposure for sale, as well as the possession, relates to dead birds, or whether the exposure for sale has relation to birds which are alive as well as such as are dead, is by no means clear.

When this law was made it had become customary and fashionable to ornament the bonnets of ladies with birds of gay and gaudy plumage, and the great demand thus created led to the procurement of such birds in quantities which threatened their extinction. The eagles and the song birds had also become scarce, and were rapidly diminishing in numbers, and it was the design of the legislature in the enactment of this law to preserve all such birds. Such being the evil at which this statute was aimed, it should be allowed full scope and operation, and receive a construction which will secure the execution of the intention of the legislature.

One mode of obtaining birds for ornamentation seems to have been to capture them alive and sell them to dealers, who can then supply the trade as the birds are required ; and if that can be done with impunity without falling under the condemnation of the law, then the statute fails to prevent the capture of live birds or their sale, and so fails to prohibit one method of their destruction.   We think the statute should receive a broader construction, and one which will condemn the exposure for sale of any of the birds covered by the language of the law, the same as if it had read " no person shall expose for sale any eagle," etc.

We do not think section 1 of chapter 427 of the Laws of 1886 repeals the statute under consideration.   That section interdicts the exposure for sale of the enumerated birds after they have been killed, whereas, according to our understanding, this statute inhibits the exposure for sale of live birds.

Repeals of statutes by implication are not favored in law, and the earlier statute will remain undisturbed, unless the language of the later act indicates an intention to abrogate the former or to prescribe the only rule which should govern the case for which provision is made or the two statutes are incompatible or repugnant.   It is only where the later of two statutes relating to the same subject is intended to prescribe the only rule which shall govern, that it repeals the earlier by implication, though they are not in terms repugnant or inconsistent.   (*Matter of N. Y. Institution*, 121 N. Y., 234.)   As these two statutes are compatible and harmonious, and may both be executed and carried into effect, we do not think the former is abrogated.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.